NORTON ROSE FULBRIGHT

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York 10019-6022

Judith A. Archer
judith.archer@nortonrosefulbright.com

November 18, 2026

**By Electronic Filing**

The Hon. Valerie Figueredo, U.S.M.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Room 1660
New York, New York 10007
FigueredoNYSDChambers@nysd.uscourts.gov

Re: *Rusal Marketing GmbH v. Hesse, et al.*, Case No. 26-cv-08240-AT-VF

Dear Judge Figueredo:

Undersigned counsel represent Defendants PerenniAL Group, Inc. ("Perennial"), Brian Hesse, and Andrey Donets (together, "Defendants") in the above-referenced action. Pursuant to Federal Rule of Civil Procedure 5.2(d), Sections 6 and 21 of the Court's ECF Rules, and Rules I(a) and I(g) of Your Honor's Individual Practices in Civil Cases, Defendants respectfully submit this letter motion requesting leave to file the following documents under seal: (i) Defendants' memorandum of law in support of their motion to compel arbitration (the "Motion to Compel Arbitration"); (ii) the accompanying declaration of Judith A. Archer (the "Archer Declaration"); and (iii) Exhibits A-B and D-R to the Archer Declaration. Defendants further request leave to file copies of the Motion to Compel Arbitration and Archer Declaration on the public docket with redactions.

Defendants respectfully submit that good cause exists to seal the foregoing documents because each document contains allegations and information regarding (1) a confidential, non-public arbitration (the "Arbitration") currently pending before the London Court of International Arbitration (the "LCIA"); and/or (2) Perennial's business and financial information, which is confidential, proprietary, and competitively sensitive. The proposed sealing is limited to references to the foregoing categories of confidential information. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (sealing is proper where supported by "countervailing factors" and the proposed sealing is appropriately tailored).

**1. Confidential Arbitration**

The Motion to Compel Arbitration, Archer Declaration, and Exhibits A and D-R to the Archer Declaration contain allegations and information regarding the parties' pending Arbitration and the claims, allegations, testimony, submissions, and proceedings therein, which are confidential, non-public, and protected by the confidentiality restrictions [redacted] and the LCIA Rules. *See* ECF 9-1 (LCIA Rules) at Art. 30.1; ECF 9-2 [redacted] They also contain information derived from documents [redacted]

The confidentiality of the Arbitration would be severely undermined if documents and information produced and created therein that would otherwise be afforded confidential treatment

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

in the Arbitration were made public. *See Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 71 (2nd Cir. 2023) (reversing district court decision to unseal arbitration award because interests of confidentiality in the underlying arbitration outweighed the presumption of access to judicial documents); *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) (affirming district court decision to place entire file, other than the court's opinions and orders, under seal because the parties entered into a confidentiality agreement during the arbitration that required documents submitted to the district court from the underlying arbitration to be placed under seal); *Mercantile Glob. Holdings, Inc. v. Hamilton M&A Fund, SP*, No. 23 CIV. 8446 (DEH), 2024 WL 1974276, at *1-2 (S.D.N.Y. May 3, 2024) (sealing expert report, two briefs, and a transcript from underlying arbitration proceeding on the basis that "[t]he parties' interest in confidentiality for purposes of facilitating arbitration" and the general "importance of facilitating arbitration" were "countervailing interests [that] rebut the presumption of public access applicable to the documents in question").

**2. Confidential Business and Financial Information**

The Motion to Compel Arbitration, Archer Declaration, and Exhibits B, D, and F-Q to the Archer Declaration contain information regarding Perennial's confidential, competitively-sensitive business and financial information. This includes information discussing and disputing Plaintiff's allegations concerning [redacted]

This Court recognizes the potential for serious harm posed by any disclosure of confidential, competitively-sensitive business and financial information of the type at issue here. *See Mahood v. Noom*, No. 20-cv-3677, 2021 WL 214299, at *2 (S.D.N.Y. Jan. 20, 2021) (holding party's "revenue data" was "competitively sensitive" and "public disclosure of such sensitive information would be highly prejudicial and afford its competitors an unfair advantage, and poses a substantial risk of harm to" the party, and explaining that "this is precisely the type of confidential, competitively-sensitive information that courts regularly approve for redaction."); *Vesta Corset Co., Inc. v. Carmen Founds., Inc.*, No. 97 CIV. 5139(WHP), 1999 WL 13257, at *2-3 (S.D.N.Y. Jan. 13, 1999) (limiting disclosure of party's "pricing, profits, costs, overhead" and other information to opposing party's "counsel and experts" because it "raises concerns of commercial espionage" and opposing party "failed to demonstrate why limiting access to counsel and experts is inadequate for it to litigate is case."); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1305 (S.D.N.Y. 1993) (finding party's documents concerning its "financial operations" and "revenue" were "potentially valuable commercial information which . . . could alter defendant [party's] competitive position").

* * *

In accordance with Section 6 of the Court's ECF Rules and Rules I(a) and I(g) of Your Honor's Individual Practices, Defendants have this letter via ECF (together with a separate letter motion for leave to file it under seal with a redacted version on the public docket). Defendants will file the Motion to Compel Arbitration and the Archer Declaration on ECF today under seal with Defendants' proposed redactions highlighted, and will also file a publicly accessible version thereof with those redactions applied. Defendants will file on ECF today under seal Exhibits A-B and D-R to the Archer Declaration.

Defendants respectfully request the Court enter an order granting Defendants leave to file the aforementioned documents under seal, accessible only to the parties or counsel of record, absent further order of the Court, with redacted versions of the Motion to Compel Arbitration and the Archer Declaration filed on the public docket.

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

By *ꟾs/ Judith A. Archer*

Judith A. Archer
Anthony Lauriello
Robert Kirby
1301 Avenue of the Americas
New York, NY 10019
Tel.: (212) 318-3000
judith.archer@nortonrosefulbright.com
anthony.lauriello@nortonrosefulbright.com
robert.kirby@nortonrosefulbright.com

*Attorneys for Defendant PerenniAL Group, Inc.*

MINTZ & GOLD LLP

By */s/ Barry M. Kazan* (with permission)

Barry M. Kazan
Peter Guirguis
600 Third Avenue, 25th Floor
New York, NY 10016
Tel.: (212) 696-4848
kazan@mintzandgold.com
guirguis@mintzandgold.com

*Attorneys for Defendants C. Brian Hesse and Andrey N. Donets*

cc: All Counsel of Record (By ECF and email)

MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: November 18, 2026**

Defendants' request to seal is **GRANTED**. Defendants have adequately demonstrated that sealing is appropriate for their (i) memorandum of law in support of their motion to compel arbitration (the "Motion to Compel Arbitration"); (ii) the accompanying declaration of Judith A. Archer (the "Archer Declaration"); and (iii) Exhibits A-B and D-R to the Archer Declaration. The Clerk of Court is respectfully directed to close the gavel at ECF No. 52.